**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Phone 541.359.2827
Facsimile 866.503 8206

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| COLLIN HAYES,<br><br>    Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN OF AMERICA, INC..,<br><br>    Defendant | Civil Action No.: 1:19-cv-00362<br><br><br>MAGNUSON-MOSS WARRANTY ACT<br>(15 U.S.C § 2301, *et seq.*)<br><br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**AND JURY DEMAND**

COLLIN HAYES (hereinafter "Plaintiff") file this Plaintiff's Original Complaint and Jury Trial Demand complaining of VOLKSWAGEN OF AMERICA, INC.  This action is filed for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  Plaintiff alleges as follows:

**PARTIES**

1. At all times material herein, Plaintiff has resided in Jackson County.

2. Defendant VOLKSWAGEN OF AMERICA, LLC ("Volkswagen", "Defendant", or "Manufacturer") is a New Jersey corporation who conducts business in Oregon but does not maintain a registered agent in Oregon.   Volkswagen's authorized representative is Volkswagen Group of America, Inc., 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

## JURISDICTION

3. Jurisdiction of this Court arises under to 15 U.S.C. § 2310(d), 28 U.S.C. §§ 1331.  Plaintiff seeks relief in excess of $50,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through their sales with residents of the District; (iii) upon information and belief Defendant has committed illegal acts in the District by and through its sales and/or have provided defective products to residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

5. On July 10, 2017, Plaintiff purchased a 2015 Volkswagen Golf TDI, VIN: 3VWCA7AU5FM520394 (the "Vehicle") from Joe Manchens Volkswagen for $41,100.08. The Vehicle is registered in Plaintiff's name.

6. The Vehicle was one of many Volkswagen vehicles that did not comply with federal emissions standards.  Such vehicles are the subject of a class action settlement, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL NO. 2672 CRB (JSC) (N.D. Cal. Oct. 25, 2016) ("the MDL").  Vehicles that were

sold to consumers before the "Dieselgate" scandal were included in that litigation. However, Plaintiff's Vehicle is not covered under the class action settlement, as it was purchased as a new vehicle after the emissions problem had been purportedly repaired in May of 2017 and after time to participate in the MDL had expired. The Vehicle, however, is covered by an Extended Emissions Warranty Coverage, as described in Exhibit A attached hereto and beginning on page 9.

7. The Vehicle was purchased as a new vehicle. Since that time the Vehicle has had significant nonconformities during the manufacturer, defendant Volkswagen's factory warranty period. Plaintiff uses the Vehicle primarily for personal, family and household purposes. Since purchase, the Vehicle has encountered an excessive number of defects, including but not limited to noise when going over bumps, clunk noises in the suspension, noise in the footwell, steering wheel noise, noise from the door seals, noise from the vents, noise from the transmission, transmission slip and general "jerkiness," a burning plastic smell, and other defects listed in the warranty repair history and identified through discovery. Additionally, Plaintiff has observed a 20% decrease in fuel efficiency. The Vehicle has been repaired at least seven (7) times and has been in the shop for repairs more than seventeen (17) days. The Vehicle still has problems to this day.

8. Despite confirmation of the nonconformities and repeated lengthy repair attempts, defendants have been unable to correct the nonconformities. These nonconformities substantially impair the use, value and or safety of the Vehicle.

9. Despite contacts by Plaintiff with Volkswagen, Defendant has not been able to resolve Plaintiff's issues with the Vehicle.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN WARRANTY
### (Pursuant to the Magnuson-Moss Warranty Act)

10. Plaintiff is a consumer, as contemplated by the Magnuson-Moss Warranty Act.

11. Manufacturer is a warrantor and supplier of a consumer product, as contemplated by the Magnuson-Moss Warranty Act.

12. Plaintiff is entitled by the terms of the written warranty provided to him by Manufacturer through its authorized dealer to enforce the obligations of said warranty.

13. The warranty provided that Manufacturer would repair or replace defective parts, or take other remedial action free of charge to Plaintiff in the event that the Vehicle failed to meet the specification as set forth in the written warranty.

14. The written warranty was the basis of the bargain with respect to the contract for sale executed and entered into between Plaintiff and Manufacturer.

15. The purchase of the Vehicle was induced by the written warranty, upon which Plaintiff relied.

16. Plaintiff has honored Plaintiff's obligations under the warranty.

17. Manufacturer breached its obligations under the written warranty by failing to reasonably repair the Vehicle's defects after being afforded a reasonable number of repair attempts or a reasonable opportunity to cure.

18. Plaintiff notified Manufacturer of its breach within a reasonable time after discovering it by tendering the Vehicle to Manufacturer's authorized dealer for repair as instructed by Manufacturer's written warranty and by providing written notification to Manufacturer.

19. As a direct and proximate result of Manufacturer's failure to comply with its written warranty, Plaintiff has suffered damages, including, but not limited to, loss of use,

   diminished value, incurred and/or needed repair costs, aggravation, and incidental and consequential damages. In accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for damages and other relief.

20. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment costs and expenses of the suit, including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect its rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorneys to prosecute this action.  Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

21. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs for these claims.

### SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE BREACH OF IMPLIED WARRANTY
**(Pursuant to the Magnuson-Moss Warranty Act)**

22. Paragraphs 1 through 9 above are realleged and hereby incorporated by reference as if fully set forth herein, verbatim.

23. The Vehicle purchased by Plaintiff is subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7).

24. Manufacturer contracts to sell goods. Manufacturer sells vehicles to purchasers, orders component parts, and/or assembles them into final products. They are merchants with respect to the goods of the kind sold to Plaintiff.

25. The parties' contract for sale as a matter of law implies that the Vehicle is merchantable, because Manufacturer is a merchant with respect to such goods.

26. The implied warranty was breached by Manufacturer because it manufactured a Vehicle of insufficient quality. The Vehicle is not fit for the ordinary purpose for which such goods are used.

27. The Vehicle has failed to meet Plaintiff's reasonable expectations.

28. The Vehicle has not provided dependable transportation, and it has not been trouble-free.

29. The Vehicle would not pass without objection in the trade under the contract description and does not conform to the promises or affirmations of fact made by Manufacturer.

30. As a result of the breach of implied warranty by Manufacturer, Plaintiff is without the reasonable value of the Vehicle.

31. As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer damages, including those specifically identified in the foregoing paragraphs.

32. Plaintiff requests attorney's fees and shows that he is entitled to fees and costs pursuant to the fee-shifting provision of section 2310(d) the Magnuson-Moss Warranty Act.

33. In addition to any other relief and as a result of Defendant's violations this Court should rescind the sale and refund Plaintiff his purchase prices less any reasonable allowance for use of the vehicle.

## PRAYER

WHEREFORE, Plaintiff requests that the Defendant be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant as follows:

1) On his first claim for relief against Defendant for rescision of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and his costs and disbursements herein or such other relief as the Court may deem appropriate;

2) On his second claim for relief against Defendant for rescision of the sale of the Vehicle or in the alternative damages in an amount to be determined by the jury, costs and reasonable attorney fees, prejudgment interest at 9% and his costs and disbursements herein or such other relief as the Court may deem appropriate; and

3) For such other relief that the Court deems appropriate.

**PLAINTIFF HEREBY MAKES HIS DEMAND FOR JURY TRIAL**

Respectfully submitted,

By:  */s/ Bonner C. Walsh*
Bonner C. Walsh, OSB #131716
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
TEL   541.359.2827
FAX   866.503.8206

**ATTORNEY FOR PLAINTIFF**